IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CHARLES D. TOMLINSON, | CIVIL ACTION NO. |
| Plaintiff, | |
| v. | |
| PENHALL COMPANY, | **JURY TRIAL DEMANDED** |
| Defendant. | |

## COMPLAINT

Plaintiff Charles D. Tomlinson ("Plaintiff"), by and through his undersigned counsel, brings this action against Defendant Penhall Company ("Defendant") and states and alleges as follows:

### NATURE OF THE ACTION

1. This is an action under the Fair Labor Standards Act, 29 U.S.C. §§ 201-219, ("FLSA") alleging that Defendant failed to pay Plaintiff the correct amount of overtime wages during his employment.

### JURISDICTION AND VENUE

2. This Court exercises jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331.

1

3. Venue is proper pursuant to 28 U.S.C. § 1391(b) and LR 3.1(B), NDGa., because a substantial part of the events or omissions giving rise to Plaintiff's claims, as described in this complaint, occurred within the Atlanta Division of the Northern District of Georgia.

## PARTIES

4. Plaintiff is a citizen of the State of Georgia who resides in Cobb County.

5. According to Defendant's registration with the Georgia Secretary of State, Defendant is a foreign profit corporation with its principal place of business located at 1801 Penhall Way, Anaheim, California 92801.

6. Defendant Penhall may be served with process by delivering a copy of the Complaint and Summons to its registered agent, National Registered Agents, Inc., at 3675 Crestwood Parkway, Suite 350, Duluth, Georgia 30096.

7. Defendant employed Plaintiff, who engaged in interstate commerce and/or the production of goods for interstate commerce.

8. Defendant is an enterprise "that has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or

produced for commerce by any person engaged in interstate commerce and/or the production of goods for commerce." 29 U.S.C. § 203(s)(1)(A)(i).

9. At all relevant times, Defendant had, and continues to have, at least $500,000.00 in "annual gross volume of sales made or business done." 29 U.S.C. § 203(s)(1)(A)(ii).

10. At all times relevant to this action, Defendant was an "employer" within the meaning of 29 U.S.C. § 203(d).

11. At all times relevant to this action, Plaintiff was an "employee" within the meaning of 29 U.S.C. § 203(e).

## COUNT ONE:  WILLFUL FAILURE TO COMPENSATE PLAINTIFF AT THE OVERTIME PREMIUM RATE REQUIRED BY THE FLSA

12. Defendant provides concrete cutting, breaking, excavation and highway grinding services throughout the United States and Canada.

13. Plaintiff worked at Defendant's Austell, Georgia branch from March 1, 2010, through January 8, 2013.

14. The Austell branch, located at 6940 Oak Ridge Parkway SW, Austell, Georgia, 30168, consists of an office complex and a 3-bay maintenance shop.

15. The office staff consists of a branch manager, office manager, dispatcher, and sales staff.

16. The maintenance shop staff consists of mechanics.

3

17. The branch manager exercises oversight and control over all of the employees at the Austell branch.

18. At all relevant times, Plaintiff's job title was Shop Manager.

19. Plaintiff spent the majority of his working hours performing in the maintenance shop or off-site at a location where Defendant was providing services.

20. Plaintiff rarely entered the office except to use the telephone, get approval from the branch manager, or access certain equipment manuals and purchase orders.

21. During much of his employment, Plaintiff worked alongside only one other employee at the maintenance shop.

22. Plaintiff's primary job duty was the repair and maintenance of Defendant's off-highway diamond cutting equipment.

23. For example, Plaintiff performed maintenance work on Defendant's diamond grinders, diamond cutting heads, water pumps, and concrete slurry pumps.

24. On occasion, Plaintiff operated Defendant Penhall's diamond grinders on jobsites.

25. The branch manager determined the maintenance shop's inventory.

26. For approximately two hours each week, maintenance shop employees, including Plaintiff, filled out purchase orders according to the branch manager's instructions.

27. While working, Plaintiff wore a uniform and carried tools.

28. Plaintiff's uniform consisted of gray slacks, a gray Penhall collared shirt, and steel-toed boots.

29. Given the amount of difficult manual labor Plaintiff performed while working on Defendant's heavy machinery, the number of hours Plaintiff typically worked each week was extraordinary.

30. For example, Plaintiff typically spent eleven hours per weekday working at the shop.

31. Plaintiff typically spent an additional hour each weekday working away from the shop at a jobsite location.

32. Plaintiff regularly worked on weekends.

33. Plaintiff generally worked an additional ten hours at the Austell branch over the weekend.

34. Plaintiff generally worked an additional three hours over the weekend making and receiving phone calls.

35. Plaintiff was given an unpaid thirty-minute meal period.

36. However, Plaintiff routinely worked during his meal period.

37. Plaintiff consistently answered and returned phone calls related to his job during his meal period.

38. When Plaintiff answered and returned phone calls during his meal periods, he was not completely relieved of his duties.

39. Between April 2012 and June 2012, Plaintiff worked for sixty-two (62) consecutive days.

40. Plaintiff's earnings statements generally reflect that Plaintiff received gross compensation of $1,154.00 each week.

41. For approximately one month in 2012, Plaintiff voluntarily clocked in and out of work.

42. However, Plaintiff ceased clocking in and out after Branch Manager Daniel Behen confronted Plaintiff about tracking his time.

43. Defendant chose not to record Plaintiff's work hours.

44. Moreover, Defendant did not have a mechanism whereby Plaintiff could check into or out of work.

45. Defendant failed to maintain accurate records of Plaintiff's hours worked.

46. Therefore, Defendant violated the recordkeeping provision of the FLSA, 29 U.S.C. § 211(c).

47. Defendant failed to compensate Plaintiff for hours worked in excess of 40 per week at a rate of not less than one and one-half times his regular rate.

48. Defendant chose not to compensate Plaintiff at the required overtime premium rate despite Defendant's knowledge that failure to pay an overtime premium rate was a violation of the FLSA given Plaintiff's job duties.

49. In fact, at some of Defendant's other branch locations in the United States, Defendant has paid shop managers an hourly wage and an overtime premium rate for hours worked in excess of 40 per week.

50. Defendant's decisions with respect to Plaintiff's compensation show a reckless disregard for Plaintiff's rights under the FLSA.

51. Moreover, Defendant lacked reasonable grounds for believing its pay practices with respect to Plaintiff comported with the requirements of the FLSA.

52. Defendant's conduct constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255.

53. Pursuant to 29 U.S.C. § 216, Defendant is liable to Plaintiff for all unpaid overtime wages, liquidated damages, and attorney's fees and costs.

## DEMAND FOR JUDGMENT

Plaintiff respectfully requests that:

I.   The Court enter judgment in favor of Plaintiff;

II.  The Court enter judgment against Defendant that its violations of the FLSA were willful;

III. The Court award Plaintiff all unpaid wages as provided for by the FLSA;

IV.  The Court award Plaintiff liquidated damages equal to the amount of all unpaid wages as provided for by the FLSA;

V.   The Court award Plaintiff reasonable costs and attorney's fees as provided for by the FLSA; and

VI.  Plaintiff receive such other relief as the Court deems just and proper.

Respectfully submitted:   March 2, 2013.

|  |  |
|---|---|
| MAYS & KERR LLC<br>229 Peachtree Street<br>International Tower \| Suite 980<br>Atlanta, Georgia 30303<br>Telephone:  (404) 410-7998<br>Facsimile:   (404) 855-4066<br>john@maysandkerr.com | s/John L. Mays<br>John L. Mays, Esq.<br>Georgia Bar No. 986574<br><br><br><br>Counsel for Plaintiff |